[No. D006966. Fourth Dist., Div. One. Nov. 14, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL LAMB, Defendant and Appellant.

**COUNSEL**

William R. Durr, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Steve H. Zeigan, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**KREMER, P. J.**—A jury convicted Daniel Lamb of robbery (Pen. Code,[1] § 211) while using a deadly weapon (§ 12022, subd. (b)). The court sentenced him to serve four years in prison: the middle term of three years for robbery enhanced by one year for use of the weapon. Lamb appeals.

Around 11 p.m. on May 12, 1987, Dennis English and Lance McKinney, two sailors in downtown San Diego, asked a man if he knew where to go for entertainment. The three walked together and talked, and a fourth man, Lamb, joined them. Lamb held a box cutter to English's throat and demanded money. English gave him $40. Lamb asked for more. Meanwhile, the first man English and McKinney spoke to said, "Get his wallet." Lamb then said to McKinney, "Give us your money too or I am going to cut him." English managed to escape and ran down the block, seeing a police officer. Meanwhile, McKinney began to back away from Lamb and his accomplice and the assailants walked off. The assailants split up and McKinney followed Lamb until English and an officer arrived. The officer arrested Lamb.

During trial, at the conclusion of testimony, the court gave the jury 25 general instructions. It then permitted counsel to make closing argument which it followed by giving the jury six instructions applying to the specific crime before it.

Lamb contends the trial court denied him equal protection of the law in giving instructions before and after counsel argued and abused its discretion in imposing the middle term.

I

Lamb argues the Legislature has set a procedure for charging the jury after argument (§ 1093, subd. (f)). Subdivision (f) provides: "The judge may then charge the jury, and shall do so on any points of law pertinent to the issue, if requested by either party; and the judge may state the testimony, and he or she may make such comment on the evidence and the testimony and credibility of any witness as in his or her opinion is necessary for the proper determination of the case and he or she may declare the law. At the beginning of the trial or from time to time during the trial, and without any request from either party, the trial judge may give the jury such instructions on the law applicable to the case as the judge may deem necessary for their guidance on hearing the case. Upon the jury retiring for deliberation, the

---

[1] All statutory references are to the Penal Code.

court shall advise the jury of the availability of a written copy of the jury instructions. The court may, at its discretion, provide the jury with a copy of the written instructions given. However, if the jury requests the court to supply a copy of the written instructions, the court shall supply the jury with a copy."

■ Lamb seeks to distinguish a "charge" from an "instruction." Without citing authority, he argues an instruction may be given to assist a jury in hearing a case, while a charge is given to assist the jury in arriving at a verdict. However, his argument is contrary to authority. (*Campbell* v. *State* (Tex.App. 1982) 644 S.W.2d 154, 164 [charge means last set of instructions given to jury]; *Young* v. *State* (1968) 5 Md.App. 383 [247 A.2d 751, 755] [charge and instruction are used interchangeably]; Witkin, Cal. Criminal Procedure (1963) Trial, § 468, p. 475 ["The 'charge' consists of his (the court's) 'instructions,' and the latter term is more common"].) ■ While it may be general practice for courts to "charge the jury" or "instruct the jury" following argument, when to instruct a jury is a matter within the trial court's discretion. (*People* v. *Webb* (1967) 66 Cal.2d 107, 128 [56 Cal.Rptr. 902, 424 P.2d 342, 19 A.L.R.3d 708]; *People* v. *Valenzuela* (1977) 76 Cal.App.3d 218, 220-221 [142 Cal.Rptr. 655]; *People* v. *Johnson* (1967) 253 Cal.App.2d 396, 399 [61 Cal.Rptr. 225].)

That discretion was properly exercised. The court explained its choice to bracket the attorneys' arguments with introductory and closing instructions, saying "It helps, I think, to understand them. And it gives the lawyers a better opportunity to explain." And so it was. Far from handcuffing defense counsel as Lamb now complains, his lawyer not only failed to object to the court's procedure but in fact incorporated references to the instructions in his argument noting the definition of reasonable doubt and that the jury was to draw no adverse inferences from Lamb's failure to testify. The procedure followed by the court was wholly reasonable and therefore fully within the court's discretion.

Lamb next contends it is a denial of equal protection for the court to instruct the jury in a "unique" manner which differs from that of trial courts elsewhere. He notes freedom is a fundamental interest; persons similarly situated must be treated alike; and dissimilar treatment will be strictly scrutinized and must be necessary to further a compelling state interest. He argues he was treated differently than other defendants in trials where the court instructed the jury after argument rather than partially before and partially after. He then jumps to the conclusion this disparate treatment deprived him of his freedom and because the disparity is not necessary to further a compelling state interest, deprived him of equal protection of the law. The error in his logic is the jump from the court's discretionary choice

of when to instruct the jury, to loss of his freedom. While Lamb concludes "the court's 'unique' order of proof 'cuts down on the privilege to remain silent by making its assertion costly,'" he never explains how fully instructing the jury has this result. While one may derive a difference in Lamb's treatment, there is no detriment. Lamb lost his freedom as a result of his conviction for robbery, not the order in which the trial court instructed the jury. He has not been denied equal protection of the law.

## II

■■ Lamb also contends the trial court abused its discretion in imposing the middle rather than the lower term. He argues all the factors in aggravation referred to in the statement in aggravation were inapplicable here and the court failed to give sufficient weight to the mitigating factors.

Section 1170, subdivision (b), provides in part: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime."

California Rules of Court, rule 439(b), provides: "Selection of the upper term is justified only if, considering the entire record of the case, including the probation officer's report, other reports properly filed in the case, and other competent evidence, circumstances in aggravation are established by a preponderance of the evidence and outweigh circumstances in mitigation. Selection of the lower term is justified only if, considering the same facts, circumstances in mitigation are established by a preponderance of the evidence and outweigh circumstances in aggravation."

■■ Generally, determination of the appropriate term is within the trial court's broad discretion (*People* v. *Ramos* (1980) 106 Cal.App.3d 591, 605 [165 Cal.Rptr. 179]) and must be affirmed unless there is a clear showing the sentence choice was arbitrary or irrational (*People* v. *Hubbell* (1980) 108 Cal.App.3d 253, 260 [166 Cal.Rptr. 466]). "Sentencing courts have wide discretion in weighing aggravating and mitigating factors (*People* v. *Evans* (1983) 141 Cal.App.3d 1019, 1022 . . . ; [*People* v. *Gimenez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65]; *People* v. *Covino* (1980) 100 Cal.App.3d 660, 670-671 [161 Cal.Rptr. 155]]), and may balance them against each other in qualitative as well as quantitative terms." (*People* v. *Roe* (1983) 148 Cal.App.3d 112, 119 [195 Cal.Rptr. 802].) One factor alone may warrant imposition of the upper term (*People* v. *Kellett* (1982) 134 Cal.App.3d 949, 963 [185 Cal.Rptr. 1]) and the trial court need not state reasons for minimizing or disregarding circumstances in mitigation (*People* v. *Salazar* (1983) 144 Cal.App.3d 799, 813 [193 Cal.Rptr. 1]).

Lamb sets forth the list of aggravating circumstances suggested in the statement in aggravation. He then attempts to knock them down one by one. ■ However, the trial court never stated it was relying upon the factors expressed in the statement in aggravation. Rather, the court indicated it had heard the testimony; considered the statement in mitigation, statement in aggravation and probation report; heard defense counsel argue for the lower term because of Lamb's mental condition and the prosecution argue for the upper term; denied probation because the crime was serious and Lamb would be a danger to others; and imposed the middle term, saying only: "Listening to the argument, and considering the mental status of the defendant, I have to consider that and weigh that against the factors of what occurred; and the presumption that is set forth in the code provides clearly that there is a presumption of a mid term in a case like this. And the reasons for exceeding mid term here are further affirmed by hearing both sides argue.

"The mid term therefore will apply. . . ."

When the middle term is imposed, no additional reasons are required. (*People* v. *Lobaugh* (1987) 188 Cal.App.3d 780, 785-786 [233 Cal.Rptr. 683].)

The judgment is affirmed.

Todd, J., and Benke, J., concurred.