[No. E011066. Fourth Dist., Div. Two. Feb. 10, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH EDWARDS, JR., Defendant and Appellant.

## COUNSEL

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Rhonda L. Cartwright, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**TIMLIN, J.**—Pursuant to a plea agreement with the People, defendant pled guilty to a charge of assault with a firearm (Pen. Code, § 245, subd. (a)(2))[1] and admitted the truth of the allegation of firearm use. (§ 12022.5, subd. (a), § 1192.7, subd. (c)(8).) The court sentenced defendant to a four-year aggravated term for the assault with a firearm, and a consecutive five-year enhancement for the personal use of a firearm. Defendant contends that the trial court erred by considering improper factors in aggravation in selecting the upper term on the firearm use enhancement. Although we agree that the trial court did consider improper factors in sentencing defendant on the enhancement, we affirm because we conclude that it is not reasonably probable that a result more favorable to the defendant would have been reached in the absence of this error.

## I

### FACTUAL AND PROCEDURAL BACKGROUND

On January 22, 1992, defendant shot 14-year-old Miesha Lindsey, his girlfriend and the mother of his 10-month-old child. Lindsey was admitted to the hospital in critical condition, the bullet having entered her right breast and continued in a downward trajectory through the right lung, nicking the liver and spine. While still at the hospital, Lindsey told an investigating officer that the incident happened during an argument that occurred when she saw defendant kissing another female. Lindsey later said that there had

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

been no argument. At the time of this incident, defendant was on probation as a result of his conviction for having battered Lindsey.

At the sentencing hearing, the court initially noted that there were no mitigating factors and indicated that it had chosen to impose the upper term of four years with respect to the assault with a firearm offense because of a number of factors: first, because defendant had inflicted great bodily injury upon the victim and, second, because the victim was particularly vulnerable because of her age and relationship with the defendant.

The court stated its reasons for selecting the aggravated term of five years for the use of a firearm as follows: "The Court chooses the upper term of five years because at the point in time when you committed this offense you were on probation and indeed your history of criminal activity is of increasing seriousness. [¶] The probation which you were on at the time that this offense was committed was directly related to an offense against this victim and was obviously unsuccessful in achieving your rehabilitation."

II

DISCUSSION

California Rules of Court, rule 428(b), provides as follows: "When the defendant is subject to an enhancement that was charged and found true for which three possible terms are specified by statute, the middle term shall be imposed unless there are circumstances in aggravation or mitigation . . . [¶] The upper term may be imposed only when there are circumstances in aggravation that *relate directly to the fact giving rise to the enhancement.*" (Italics added.)

■ Defendant contends that the sentencing court's stated reasons for imposing the upper term on the enhancement are not circumstances which relate directly to the use of the firearm. We agree. The increasing seriousness of defendant's criminal activity and the fact he was on probation at the time of the present incident for a prior criminal assault on the same victim do not relate directly to the conduct, i.e., shooting his girlfriend, which resulted in the enhancement. Respondent's argument that these factors do relate to defendant's use of the firearm is tenuous at best and must be rejected.

In this regard we note that in respect to sentencing a defendant for the crime of which he was convicted, California Rules of Court, rule 421, subdivides aggravating circumstances into two categories: facts relating to

the crime and facts relating to the defendant.[2] Aggravating circumstances arising from facts relating to the crime are found in rule 421(a) and aggravating facts relating to the defendant are found in rule 421(b).

We believe it is proper to analyze the meaning of "circumstances in aggravation that relate directly to the fact giving rise to the enhancement" by applying this distinction that has been made in California Rules of Court, rule 421 between facts relating to the crime and those relating to the defendant. Using this approach, we conclude that since aggravating circumstances under California Rules of Court, rule 428(b) are those that relate to the fact giving rise to the enhancement, they are analogous to circumstances relating to the crime because the fact giving rise to the particular enhancement logically must relate to the commission of the act constituting the alleged enhancement, not to the defendant personally. Here the act is use of a gun. The sentencing court, therefore, erred by finding as aggravating circumstances warranting the upper term for the firearm use enhancement those facts relating to defendant himself, i.e., the increasing seriousness of his prior convictions and his probation status. It should have focused solely on facts regarding the use of the gun and the effect of its use.

■ Error by the trial court in relying upon improper factors in aggravation requires resentencing where the reviewing court determines that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error. (*People* v. *Avalos* (1984) 37 Cal.3d 216, 233 [207 Cal.Rptr. 549, 689 P.2d 121].) "However, 'the statutory preference for imposition of the middle term, when coupled with the requirement that aggravating circumstances must outweigh mitigating circumstances before imposition of the aggravated term is proper, creates a presumption.' [Citation.] Thus, the reviewing court may not simply ask whether the imposed sentence would be 'wholly unsupported or arbitrary in the absence of error' but must also reverse where it cannot determine whether the improper factor was determinative for the sentencing court." (*Ibid.*)

■ Here, as discussed above, the two circumstances cited by the sentencing court for choosing the upper term on the firearm enhancement could not be properly considered for that purpose because they relate only to defendant. We note, however, that one of the two factors it considered for imposing the upper term for the crime of assault with a firearm was infliction of great bodily harm, which can also be considered an aggravating

---

[2]California Rules of Court, rule 414, also classifies the criteria affecting the decision to grant or deny probation into these two subgroups of facts relating to the crime and facts relating to the defendant. Further, California Rules of Court, rule 423 also establishes this categorization as to circumstances in mitigation.

circumstance directly related to the enhancement, i.e., the use of the firearm or the effect of its use.

If the sentencing court had realized that all of its stated reasons for imposing the upper term on the enhancement were improper, we conclude that: 1) it is reasonably probable that it would have used the great bodily harm factor; or, 2) assuming, without concluding, that the dual use prohibition applies to selecting the upper term on an enhancement covered by California Rules of Court, rule 428(b), the sentencing court could have simply omitted the aggravating factor of great bodily harm as a reason for selecting the upper term for the crime of assault with a firearm and relied on the increasing seriousness of defendant's criminal activity, the fact he was on probation at the time he committed the instant offense, and the victim's particular vulnerability. The infliction of great bodily harm could then have been used to justify the imposition of an upper term for the enhancement.

Given the existence of one circumstance which could properly be used to select the upper term for the enhancement and the absence of any mitigating factors, it is not reasonably probable that the sentencing court would have chosen a lesser sentence on the enhancement had it known that all of its stated reasons for selecting the upper term were improper. (*People* v. *Price* (1991) 1 Cal.4th 324, 492 [3 Cal.Rptr.2d 106, 821 P.2d 610]; *People* v. *Lamb* (1988) 206 Cal.App.3d 397, 401 [253 Cal.App.3d 397].) On the contrary, had it been aware of its reliance on improper considerations, it is reasonable to conclude that it would simply have realigned its statement of aggravating factors in order to use the proper circumstance to support its selection of the upper term on the enhancement.

### DISPOSITION

The judgment is affirmed.

Dabney, Acting P. J., and Hollenhorst, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 28, 1993.