[No. B095101. Second Dist., Div. Four. July 26, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
MANUEL MURILLO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and II of the Discussion.

**COUNSEL**

Harvey L. Goldhammer, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec and Gustavo Gomez, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**EPSTEIN, J.**—Manuel Murillo challenges his robbery conviction, raising evidentiary and instructional issues. In the published portion of this opinion, we conclude the trial court erred in failing to read the jury an instruction the court had agreed to give. We find the instruction's omission was harmless, but suggest a way to avoid this type of error in the future. In the unpublished portion of the opinion, we conclude the trial court was within its discretion in limiting the scope of closing argument, but erred in excluding evidence of

a prosecution witness's prior inconsistent statement. These errors were harmless in the circumstances of this case. We therefore affirm the judgment of conviction.

## FACTUAL AND PROCEDURAL SUMMARY

After midnight on January 19, 1995, Lawrence Edwards was robbed at gunpoint. At a police show-up (an in-the-street lineup) later that morning, Edwards identified appellant Murillo as one of his assailants.

Murillo was charged by information with second degree robbery (Pen. Code, § 211), with an allegation of firearm use (Pen. Code, § 12022.5, subd. (a)).

The only prosecution witness was the victim, Edwards. He testified that a group of men accosted him as he walked home from work late one evening. One robber held Edwards at gunpoint, while appellant, who was also armed, emptied Edwards's pockets.

Appellant testified that he was asleep at the time of the robbery, after a long day of drinking. He did not remember with whom he was drinking, the address of the house he was drinking at, or what he had for lunch or dinner that day.

The jury found appellant guilty of robbery and found the use allegation to be true. The trial court sentenced him to nine years in prison.[1] On appeal, appellant argues the trial court erred in excluding evidence of an earlier statement by Edwards that contradicted Edwards's trial testimony. Appellant also claims the court abused its discretion by preventing defense counsel from referring to a newspaper article in her closing argument. Finally, he contends the court improperly instructed the jury and refused to correct that error when notified about it.

## DISCUSSION

## I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III

The trial court instructed the jurors after closing arguments, and sent them to deliberate. After the jury had left the room, defense counsel

---

[1]The abstract of judgment erroneously indicates that appellant was convicted by plea. While of no significance in the present appeal, this detail should be corrected. We direct that the abstract be amended to reflect the fact that appellant's conviction was by jury verdict.

*See footnote, *ante*, page 1104.

informed the court that it had not read CALJIC No. 2.21.2,[4] an instruction the court had indicated it would give. The trial court decided to include the instruction in the written packet sent to the jury, but, over appellant's objection, did not recall the jury and read the instruction aloud, for fear of drawing undue attention to it.

■    Respondent cites several cases for the proposition that minor discrepancies between written and oral instructions do not constitute reversible error. (*People* v. *Crittenden* (1994) 9 Cal.4th 83, 137-138 [36 Cal.Rptr.2d 474, 885 P.2d 887] [inadvertent inclusion of the word "if" in CALJIC No. 8.81.18 not error]; *People* v. *Garceau* (1993) 6 Cal.4th 140,189-190 [24 Cal.Rptr.2d 664, 862 P.2d 664] [omission of nine words from CALJIC No. 3.19 harmless error].) These cases do not apply where the trial court fails to read an instruction it had said it would use.    ■    Because it is not possible to determine if the jurors actually read their written copy of CALJIC No. 2.21.2, we must assume they did not, and approach the case as though the instruction was not given at all.

We accept for purposes of this appeal respondent's concession that "CALJIC No. 2.21.2 must be given if there is any evidence in the record upon which it could be based." Edwards's testimony was inconsistent in significant respects, and appellant's testimony was vague and improbable. There was substantial evidence in the record to warrant instruction on a willfully false witness. The instruction was properly requested. Its omission was error.

This error was compounded by the trial court's refusal to recall the jury and read the instruction aloud. The court was concerned that a late reading would give the instruction too much prominence. But that concern could have been addressed by an appropriate explanatory statement. The course chosen by the trial court may have eliminated the risk of overemphasizing the instruction, but only at the expense of underemphasizing it.

Appellant argues that the error requires reversal under *Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065]. But the federal cases he cites for this proposition concern the failure of a trial court to orally instruct on the elements of a charged crime (see *People of the Territory of Guam* v. *Marquez* (9th Cir. 1992) 963 F.2d 1311; *United States* v. *Noble* (3d Cir. 1946) 155 F.2d 315), an error of

---

[4]The instruction, captioned "Witness Willfully False," states: "A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars." (CALJIC No. 2.21.2.)

clear constitutional import. CALJIC No. 2.21.2, on the other hand, "does nothing more than explain to a jury one of the tests they may employ in resolving a credibility dispute." (*People* v. *Blassingill* (1988) 199 Cal.App.3d 1413, 1419 [245 Cal.Rptr. 599].) Its omission must be evaluated under *Watson.* (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

During summation, defense counsel told the jury "the court will instruct you regarding an instruction that is generally referred to as willfully false. And basically it says [see text of instruction, fn. 4, *ante*]. [¶] Now in this particular—using the law that will be given to you . . . I would suggest and request you to consider [the inconsistencies in Edwards's testimony]." Appellant argues that "the failure of the trial court to orally instruct on the issue of a willfully false witness deprived appellant of his main line of defense: that there was a misidentification, and Edwards's willfully false testimony indicates that none of his identification testimony could be relied upon."

The problem with this contention is that appellant did get to present his defense. His attorney argued the inconsistencies in Edwards's testimony, and urged the jury not to trust Edwards's identification of appellant because of the deliberate nature of those inconsistencies. We recognize that defense counsel argued an instruction that the jury did not hear. That fact does not, by itself, establish reasonable probability that defendant would have had a better result if the instruction had been read to the jury. (*People* v. *Watson*, *supra*, 46 Cal.2d at p. 836.)

CALJIC No. 2.21.2 sets out a commonsense principle for evaluating witness credibility. Defense counsel argued that principle as much as she argued the instruction, and the jury simply did not accept her characterization of Edwards's testimony. "[T]he absence of the instruction did not preclude [defendant] from asking the jury to draw the common-sense inference mentioned in the instruction." (*Walbrook Ins. Co.* v. *Liberty Mutual Ins. Co.* (1992) 5 Cal.App.4th 1445, 1462 [7 Cal.Rptr.2d 513].) If the jury had agreed with defense counsel that Edwards was consciously lying on the stand, it would have been able to reach the conclusion that "his testimony [was] to be distrusted," even without the instruction's guidance.

In addition, the jury was given a number of other instructions covering essentially the same ground. CALJIC Nos. 2.13 (evidence of a prior inconsistent statement should be used to evaluate witness's credibility), 2.20 (factors to consider in evaluating witness's credibility), 2.91 (People's burden of proof applies specifically to eyewitness identification, and benefit of any reasonable doubt must be given the defendant), and 2.92 (factors, including "believability of the witness," to consider in evaluating trustworthiness of eyewitness's identification of defendant) were all given. Viewing

the instructions as a whole, we are satisfied that the jury was adequately instructed on the relevant legal principles when they unanimously credited Edwards's identification of appellant.

The trial court instructed the jury after closing arguments. This may be the traditional practice in California courtrooms (see Pen. Code, § 1093, subds. (e), (f)), but it is not the invariable practice. "While it may be general practice for courts to 'charge the jury' or 'instruct the jury' following argument, when to instruct a jury is a matter within the trial court's discretion." (*People* v. *Lamb* (1988) 206 Cal.App.3d 397, 400 [253 Cal.Rptr. 465].) If the court had delivered the instructions before the attorneys' summations in this case, the error we are reviewing would have been avoided. The preferable, even if not yet the most common, method is to instruct the jury after the close of evidence, but before the summations of counsel, reserving only the concluding instructions (CALJIC Nos. 17.40 to 17.52) to follow the summations. (See *People* v. *Hernandez* (1961) 188 Cal.App.2d 248, 253-54 [10 Cal.Rptr. 267].) This approach allows the jury to understand the governing rules before hearing from the attorneys about how those rules apply to the facts at hand. It also protects all parties from a careless misstatement of the law in argument, and avoids the awkward and repetitive preface "The judge will instruct you . . . ." Most important, it lays a foundation upon which both parties can build, better enabling the jury to evaluate the relative sturdiness of the arguments constructed. In the present case, the avoidable error was harmless. In some future case, it may not be.

### DISPOSITION

The abstract of judgment is modified to reflect the fact that appellant's conviction was by jury verdict. As so modified, the judgment is affirmed.

Vogel (C. S.), P. J., and Baron, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 30, 1996. Mosk, J. was of the opinion that the petition should be granted.