Filed 7/31/13  P. v. Ridgeway CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072424 |
| v. | (Super. Ct. No. CRF120913) |
| KEVIN DEWAYNE RIDGEWAY, | |
| Defendant and Appellant. | |

Defendant Kevin Dewayne Ridgeway pleaded no contest to assault with a deadly weapon.  (Pen. Code, § 245, subd. (a)(1).)  The trial court dismissed two prior prison term allegations (Pen. Code, § 667.5, subd. (b)) and sentenced defendant to the upper term of four years in state prison.

Defendant now contends the trial court abused its discretion in imposing the upper term.  We conclude the record supports the upper term and the trial court did not abuse its discretion.  We will affirm the judgment.

1

## BACKGROUND

Defendant and the victim had been roommates and friends. But when defendant arrived at their residence and demanded entry to obtain his personal property, the victim stood in the doorway and refused to let defendant enter. After pushing each other, defendant pulled a steak knife from his pocket. Defendant lunged at the victim and the knife touched the victim's stomach without causing injury. The victim pushed defendant back. Defendant changed his grip on the knife and tried to stab the victim in the neck. The victim raised his arms in defense and defendant stabbed the victim in the forearm.

## DISCUSSION

Defendant contends the trial court abused its discretion in imposing the upper term. He claims the trial court failed to properly consider that it was defendant's first crime of violence, the parties were intoxicated, defendant is illiterate, he has a history of addiction, and he has work experience as a diesel mechanic.

At the beginning of the sentencing hearing, the trial court said it read the probation report, but defense counsel indicated that defendant could not read. Defense counsel requested and obtained a recess to read the probation report to defendant.

The probation report said defendant was convicted of receiving stolen property in 1988, 2000 and 2001; driving on a suspended license in 1994, 2005, 2008, and 2010; possession of a controlled substance in 1998 and 2006; and being a felon in possession of ammunition in 2006. He was sentenced to state prison in 2004 and 2006 and he had numerous probation and parole violations. The probation report noted that defendant had worked as a diesel mechanic but his license was suspended or revoked.

The probation report said defendant denied stabbing the victim, claiming he and the victim are alcoholics and that the victim " 'stuck himself.' " Defendant admitted using methamphetamine and marijuana since his teen years, but then denied recent use.

The probation report noted that defendant was presumptively ineligible for probation based on his prior felony convictions and his use of a weapon in the current offense. The probation officer recommended an upper term sentence.

Defense counsel requested probation for defendant, claiming that defendant promised to be attentive to the terms and conditions of probation. The People opposed probation and agreed with the recommended four-year upper term, noting that defendant was armed with a weapon, it was a crime of violence, and defendant had not taken responsibility for the crime, blaming the victim by calling him an alcoholic. Defense counsel responded that "everybody was intoxicated that afternoon" and cited intoxication as a mitigating factor.

The trial court said it was willing to assume everybody was intoxicated that day, but that defendant was presumptively ineligible for probation. The trial court concluded that defendant was not a good candidate for probation and the interests of justice would not be served by a grant of probation.

The trial court also found: the crime involved great violence, great bodily harm or the threat of great bodily harm; defendant engaged in violent conduct indicating a serious danger to society; his prior convictions are numerous or of increasing seriousness; he served prior prison terms; he was on probation or parole when he committed the offense; and his prior performance on probation or parole was unsatisfactory. The trial court found no mitigating factors, but it said that even if intoxication was a mitigating factor in this case, it did not outweigh the aggravating factors. Accordingly, the trial court selected the upper term.

The trial court did not abuse its discretion. A single factor in aggravation will justify the trial court's imposition of the upper term. (*People v. Sandoval* (2007)

41 Cal.4th 825, 847; *People v. Lamb* (1988) 206 Cal.App.3d 397, 401.)  Here, the trial court found several aggravating factors which are supported by the record.

## DISPOSITION

The judgment is affirmed.


           MAURO      , Acting P. J.


We concur:


           DUARTE         , J.


           HOCH         , J.