Filed 7/1/14  P. v. Welch CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F067513 |
| v. | (Super. Ct. No. F13901657) |
| COLLETTE MARIE WELCH, | **O P I N I O N** |
| Defendant and Appellant. | |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Cornell, Acting P.J., Poochigian, J., and Detjen, J.

Appellant, Collette Marie Welch, pled no contest to unlawful driving or taking of a vehicle (count 1/Veh. Code, § 10851, subd. (a)) and receiving stolen property (count 2/Pen. Code, § 496, subd. (a)). On appeal Welch contends the court abused its discretion when it imposed the upper term. We affirm.

## FACTS

On February 15, 2013, at approximately 8:30 a.m. after a California Highway Patrol officer spotted a stolen Dodge Avenger in a motel parking lot, an anti-auto theft team set up surveillance of the car. A short time later, Aaron Schwabenland parked a stolen Honda in the lot and walked to room 256. At 11:05 p.m. Schwabenland came out of the room and was arrested. Schwabenland admitted knowing the Honda and its license plates were stolen, but denied stealing them.

Officers then went into room 256 and contacted Welch who admitted she had been driving the stolen Avenger and knowing the car was stolen. Welch also told the officers a friend had given her the keys to the car and that they were in her purse.

On February 20, 2013, the district attorney filed a complaint charging Welch with unlawful driving or taking of a vehicle (count 1/Veh. Code, § 10851, subd. (a)) and receiving a stolen vehicle (count 2/Pen. Code, § 496d, subd. (a)), and charging codefendant Schwabenland with the same two counts (counts 3 & 4) and one count of receiving stolen property (count 5/Pen. Code, § 496, subd. (a)).

On March 6, 2013, after count 2 was amended to allege that Welch received stolen property, Welch pled no contest to counts 1 and 2.

On May 13, 2013, pursuant to the court's directive, the probation officer filed a supplemental report. According to this report, when officers arrested Welch, in her purse they found several pieces of paper containing personal information for several people and a GPS unit that had been taken from a stolen vehicle. In her wallet the officers found four checks that belonged to Eric Gimm and Kara Vincent. In the motel room they found

2

two laptops, three cell phones, folders containing personal information for several individuals, a photocopied driver's license with Welch's photo and personal information for Desiree Tigson, several checks from a trucking company, and several photocopied identification cards and Social Security cards.

Additionally, Welch told the officers she had "been doing identity theft for the past two or three years." She also admitted that "people" would bring her information that she used to open credit card accounts and online accounts at stores like Wal-Mart and Lowe's. Welch would have items shipped to the store or a friend's address and eventually sell them.

Pursuant to a further directive by the trial court, on June 19, 2013, the probation department filed a second supplemental probation report that contained Welch's complete criminal history. According to this report, as a juvenile Welch was adjudicated in 2003 of possession of a controlled substance and being under the influence of a controlled substance. As an adult, Welch was convicted in 2008 of possession of opium pipes (Health & Saf. Code, § 11364) and placed on misdemeanor probation for three years. In 2011, Welch was convicted of possession of a bad check with the intent to defraud (Pen. Code, § 475, subd. (b)) and second degree burglary (Pen. Code, §460, subd. (b)) and was placed on felony probation for three years. Welch also violated her misdemeanor probation by committing those offenses. In 2012 and 2013 Welch violated her felony probation twice and failed to appear in court twice in that matter. Welch was on felony probation when she committed the instant offenses.

The report listed the following as aggravating circumstances: (1) Welch's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings were numerous or of increasing seriousness (California Rules of Court, rule 4.421(b)(2));[1]

---

[1]    All further references to rules refer to the California Rules of Court.

3

(2) the manner in which Welch committed her offenses indicated planning, sophistication, or professionalism (rule 4.421(a)(8)); (3) Welch was on probation or parole when she committed the underlying offenses (rule 4.421(b)(4)); and (4) her prior performance on probation or parole had been unsatisfactory (rule 4.421(b)(5)). The report listed as a mitigating circumstance Welch's admission of guilt prior to arrest or at an early stage of the criminal process (rule 4.423(b)(3)). It recommended the court impose concurrent middle terms of two years on each count.

On June 19, 2013, at Welch's sentencing hearing the court imposed the aggravated term of three years on count 1 and ordered her to serve 18 months in custody and 18 months on supervised release. In imposing the aggravated term, the court cited Welch's two sustained juvenile petitions and two convictions as an adult, her probationary status when she committed the underlying offenses, her prior poor performance on probation, and the planning and sophistication involved in her current offenses. Although the court did not believe there were any mitigating circumstances, it found that to the extent there were, the aggravating circumstances outweighed the mitigating ones. The court also sentenced appellant to a concurrent middle term of two years on count 2.

## DISCUSSION

Welch contends the court abused its discretion when it imposed the aggravated term because: (1) it gave insufficient weight to mitigating factors; (2) Welch's juvenile adjudications and adult convictions "were of limited application" in imposing the aggravated term; (3) the court discussed the "absolute length" of the terms it could impose on her unlawful driving or taking of a vehicle offense in arriving at its sentencing choice; and (4) the probation officer recommended the middle term based on the same factors.

"Generally, determination of the appropriate term is within the trial court's broad discretion [citation] and must be affirmed unless there is a clear showing the sentence

4

choice was arbitrary or irrational [citation]. 'Sentencing courts have wide discretion in weighing aggravating and mitigating factors [citations], and may balance them against each other in qualitative as well as quantitative terms.' [Citation.] One factor alone may warrant imposition of the upper term [citation] and the trial court need not state reasons for minimizing or disregarding circumstances in mitigation [citation]." (*People v. Lamb* (1988) 206 Cal.App.3d 397, 401-402.) "A remand for resentencing is required only where it is reasonably probable a different result would have occurred had the improper factor not been considered. [Citation.]" (*People v. Kellett* (1982) 134 Cal.App.3d 949, 962-963.)

Of the four aggravating circumstances found by the court, Welch challenges only the court's reliance on her juvenile adjudications and adult convictions to impose the aggravated term. She contends that her sustained petitions and adult convictions are of limited application for sentencing purposes because she only had two sustained petitions as a juvenile and her two prior adult convictions arose out of the same case. However, pursuant to rule 4.421(b)(2) the court was entitled to consider Welch's numerous convictions and juvenile adjudications as an aggravating circumstance. Further, three or more juvenile adjudications and/or adult convictions are numerous within the meaning of rule 4.421(b)(2). (Cf. *People v. Searle* (1989) 213 Cal.App.3d 1091, 1098.)

Welch also contends the court gave insufficient consideration to the following circumstances that she claims were mitigating: (1) Welch's relatively youthful age of 25; (2) her remorse; (3) her substance abuse problem; (4) her education and intelligence which provided her with more intellectual resources to apply to her reformation;[2] and (5) her husband's suicide that occurred after her arrest for possession of an opium pipe.

---

[2] Welch attended West Hills College for three years and earned an Associate of Arts Degree.

5

However, as noted above, the court was entitled to balance the mitigating circumstances qualitatively against the aggravating circumstances and it was not required to state reasons for minimizing or disregarding circumstances in mitigation.**3** Further, since the court had discretion on how much weight to give each mitigating circumstance or to determine whether the circumstance had any mitigating effect, there is no merit to Welch's contention that the court gave insufficient weight to the above-noted circumstances that she claims were mitigating.

Moreover, even assuming the court improperly considered the "absolute length" of the terms it could impose on her unlawful driving or taking of a vehicle offense, the court found four aggravating circumstances and its findings are amply supported by the record. Since only one circumstance is necessary to justify an upper term and the court did not find any mitigating circumstances, Welch could not have been prejudiced by the court's consideration of this alleged improper factor in imposing the upper term.

Further, since the probation officer's report is advisory and not binding on the court (*People v. Server* (1981) 125 Cal.App.3d 721, 728), the report's recommendation of the middle term is not a basis for challenging the court's imposition of the aggravated term. Thus, we conclude the court did not abuse its discretion when it imposed the aggravated term on Welch's unlawful driving or taking of a vehicle conviction.

### DISPOSITION

The judgment is affirmed.

---

**3** Nevertheless, we note the record supports the court's implicit finding that Welch's early plea was not a mitigating circumstance because, as noted by the prosecutor, Welch entered her plea in order to avoid the filing of additional charges based on supplemental crime reports that had not been received from a detective.

6