Filed 8/26/15  P. v. Swint CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JEVON RAMON SWINT,<br><br>    Defendant and Appellant. | G050366<br><br>(Super. Ct. No. 13NF1803)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, William R. Froeberg, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Jevon Ramon Swint contends the trial court abused its discretion in sentencing him to the midterm of three years in prison for aiding and abetting a robbery. He argues the court overlooked some mitigating factors that, if considered, would have necessitated the imposition of the lower term of two years. Finding no error, we affirm the judgment.

FACTS

Appellant and codefendant David Alvares went to the men's department of the Sears store in Buena Park. After Alvares stacked up an assortment of pants and shirts, appellant left the store and entered a car in the parking lot. Then Alvares left the store too, without the clothing. He spoke to appellant in the parking lot and then went back inside the store and retrieved the stack of clothes he had previously assembled. Items in hand, he then left the store through an emergency exit, triggering the alarm. When a security officer confronted him outside, Alvares pointed a flare gun at him and made popping sounds with his mouth. He then ran to appellant's car, threw the clothes inside and got in. Appellant drove away, but the police arrested him the following day. At first he denied any involvement in the robbery, but after the police told him they had surveillance footage of him at the store, he admitted being Alvares' getaway driver. He claimed it was Alvares' idea to steal the clothes, and he did not really want to go along with it.

At trial, appellant reiterated his claim that he was a reluctant participant in the theft. In fact, he testified he tried to prevent it by slowly circling around in the parking lot while Alvares was in the store. He hoped that if Alvares did not see him when he came outside, it would dissuade him from trying to steal anything. That didn't happen. And when appellant saw Alvares running to his car with the clothes, he opened the passenger door for him. Although appellant admitted he had previously seen a flare gun at Alvares' cousins' house, he claimed Alvares did not have a gun with him on the day of the robbery.

2

The jury convicted appellant of aiding and abetting the robbery but found not true the allegation he was personally armed with a firearm.  After the trial court found appellant had previously suffered a prior strike conviction and a prior serious felony conviction, it sentenced him to 11 years in prison, consisting of double the midterm of 3 years for the robbery, plus 5 years for the prior serious felony conviction.  This appeal followed.

DISCUSSION

Appellant contends the trial court abused its discretion in imposing the middle term for his robbery.  We disagree.

Prior to sentencing, the probation department prepared an extensive sentencing report for the court.  The report reflects appellant was involved in several theft and drug-related crimes as a minor.  After he became an adult in 1995, he graduated to more serious offenses, like driving under the influence, battery and arson.  He was also sentenced to multiple jail and/or prison terms.  All told, he has suffered close to a dozen convictions, and his performance on probation and parole has been poor.  In fact, he was on probation on this occasion.  In light of appellant's lengthy criminal record, the probation officer surmised "it would seem he has no interest in rehabilitation and will continue to do as he pleases, regardless of the consequences to himself or anyone else. [He] has been given numerous opportunities by the court, parole and probation; however, he has yet to take the law seriously."

At the sentencing hearing, the trial court denied appellant's request to dismiss his prior strike conviction in the interest of justice, based on appellant's lengthy criminal record and lack of rehabilitative efforts.  Speaking to the circumstances of the present offense, the court stated "the crime involved the threat of bodily harm in that [appellant] was the wheelman of a getaway car when his coparticipant threatened a security guard with a weapon.  The manner in which the crime was committed indicates planning, sophistication and professionalism.  The crime involved an attempted or actual

3

taking of great monetary value. [Appellant] has engaged in violent conduct that indicates a danger to society." The court stated it had considered the aggravating and mitigating factors, but "[t]here do not appear to be any factors in mitigation."

Even so, given that Alvares was the one who confronted the security guard, the court did not sentence appellant to the upper term of five years for the robbery. Instead it opted for the middle term of three years. Appellant contends that was still a year too much. In his view, the court abused its discretion by failing to impose the low term of two years, but as we now explain, that is not the case.

When, as here, the statute under which the defendant is convicted specifies three possible terms, the decision to impose the upper, middle or lower term rests within the sound discretion of the court. (Pen. Code, § 1170, subd. (b); Cal. Rules of Court, rule 4.420(a).)[1] In making his selection, "the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision." (Rule 4.420(b); see also *People v. Black* (2007) 41 Cal.4th 799, 813.) It is up to the sentencing judge to decide how much weight should be given to the pertinent circumstances. (*People v. Brown* (1988) 46 Cal.3d 432, 470.) The judge may minimize or disregard circumstances in mitigation (*People v. Lamb* (1988) 206 Cal.App.3d 397, 401) and impose the upper term based on but a single factor in aggravation (*People v. Osband* (1996) 13 Cal.4th 622, 730).

On appeal, "'[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' [Citation.] Concomitantly, '[a] decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is

---

[1]     All further rule references are to the California Rules of Court.

neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." [Citations.]' [Citation.]" (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978.)

In attempting to overcome this highly deferential standard of review, appellant contends there were two mitigating factors attendant to the robbery that the trial court overlooked, namely that appellant played a minor role in the crime, and the victim was not harmed. (Rule 4.423(a)(1), (6).) However, the applicability of these factors, which defense counsel mentioned at the sentencing hearing, was questionable to be sure. Appellant's role in the robbery may have been minor compared to Alvares', but it was still important in that he provided the means of escape from the scene. And while the victim did not suffer any *physical* harm, it must have been traumatic for him when Alvares pulled out a flare gun and started mimicking the sound of gunfire.

Even assuming the mitigating factors, the trial court did not err in imposing the middle term. Although the court surmised that no circumstances in mitigation appeared to be present, it did cite appellant's limited role in the robbery as a justification for not imposing the upper term, so appellant benefited from that. The truth is, that even if the court had considered both of the alleged mitigating factors, it is not reasonably probable appellant would have received a more favorable sentence because the number of factors in aggravation cited by the trial court – eight in all – was simply overwhelming. (See *People v. Davis* (1995) 10 Cal.4th 463, 552 [reasonable probability standard of harmless error review applies to alleged sentencing errors].) Indeed, the record shows appellant is a habitual offender whose crime-free stints have only occurred when he has been locked up behind bars. Therefore, any sentencing error that occurred was manifestly harmless. (Compare *People v. Burney* (1981) 115 Cal.App.3d 497, 504-506 [trial court's failure to consider genuinely applicable mitigating factors warranted a remand for resentencing where the number of mitigating factors was roughly equal to the number of aggravating ones].)

5

DISPOSITION

The judgment is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.

6