Filed 6/29/23  P. v. Hola CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096716 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F07862) |
| v. | |
| CHARLIE HOLA, | |
| Defendant and Appellant. | |

In a prior appeal by defendant Charlie Hola, a panel of this court reversed his second degree murder conviction but affirmed convictions for other offenses he committed when he was 19 years old.  On remand, the trial court resentenced defendant to an aggregate felony sentence of eight years, which included the upper term for robbery.  In this appeal, defendant argues the trial court (1) abused its discretion by imposing the upper term because recent legislation created a presumption for the lower term when a defendant was under the age of 26 at the time of his crime, and (2) abused its

1

discretion by denying defense counsel's request to continue the resentencing hearing, because defense counsel was not adequately prepared. We affirm.

BACKGROUND

The underlying facts of the crimes defendant committed when he was 19 years old are largely immaterial to the issues raised on appeal. Simply put, in April 2018, a jury found defendant guilty of second degree murder (§ 187, subd. (a)); found the crime was committed for the benefit of, or in association with, a criminal street gang (§ 186.22, subd. (b)(1)); and found that defendant was a principal in an offense in which a principal personally discharged a firearm causing death (§ 12022.53, subds. (d), (e)(1)). The jury also found defendant guilty of two second degree robbery counts (§ 211) with firearm enhancements (§ 12022, subd. (a)(1)), possessing a firearm as a felon (§ 29800, subd. (a)), and misdemeanor taking or driving a vehicle (Veh. Code, § 10851, subd. (a)). (*People v. Hola* (2022) 77 Cal.App.5th 362, 368-369 (*Hola*).)

In a prior appeal, a panel of this court reversed defendant's second degree murder conviction and vacated the associated enhancements in light of recent legislation prohibiting murder convictions based on the natural and probable consequences doctrine and permitting criminal defendants to challenge on direct appeal the infirmity of such convictions. (*Hola, supra*, 77 Cal.App.5th at pp. 368-370, 376-377.) The panel remanded the matter to the trial court to permit the People to decide whether to retry defendant on the second degree murder charge and associated enhancements, and affirmed the judgment in all other respects. (*Id*. at p. 377.)

On remand in July 2022, the prosecutor declined to retry defendant, and asked the trial court to impose an upper term sentence on one of the robbery offenses. Defense counsel argued "[t]here is a presumption of low term" for offenses committed by "those that are under 26 years old, pursuant to [section] 1170[, subdivision] (b)(6)(B)." Defense counsel also explained that he had not had a chance to review the probation report and previously had asked for another week to prepare for resentencing.

2

After giving defendant a chance to be heard, the trial court pronounced the upper term of five years as the principal term for one of the robberies explaining: "This is a new sentencing hearing pursuant to all of the reforms passed by the California Legislature which this Court is obligated to follow. [¶] . . . [¶] So in this case as to Count 3, for violating . . . section 211, [defendant] is going to be sentenced to the upper term of five years, plus one year on the [firearm enhancement]. I am selecting the upper term for two reasons: Number 1, I am going to take judicial notice of the fact that the defendant was on probation at the time these crimes were committed; and secondly, the jury did in its finding of guilty on [felon in possession of a firearm] necessarily found that the defendant had suffered a prior conviction, which is also an aggravating factor. [¶] I have looked at any mitigating factor. I have re-looked at the probation report, and I think that the aggravating factors far outweigh the mitigating factors,[1] and so I am selecting the upper term of five years."

Along with the term of five years on count three, plus one year for the firearm enhancement, the trial court also imposed (1) a consecutive term of one year for the other robbery (count four; one-third the middle term of three years), plus four months for the firearm enhancement (again, one-third the middle term); and (2) a consecutive term of eight months for the offense of being a felon in possession of a firearm (count six; one-third the middle term). Thus, the trial court imposed an aggregate term of eight years for defendant's felony offenses. The trial court also imposed a consecutive term of 364 days for the misdemeanor offense of taking or driving a vehicle charge.[2]

---

[1] The probation report identified one circumstance in mitigation: defendant's age. As noted above, defendant was 19 years old when he committed the offenses.

[2] Regarding the misdemeanor sentence, on remand, the trial court said it would "not impose any additional time as to that count." A minute order indicates the trial court clerk interpreted that statement to mean the trial court was not imposing a sentence for the offense. We view the matter differently because we presume the trial court regularly

After pronouncing sentence, the trial court said it "want[ed] to make it very clear" it knew defense counsel wanted to continue sentencing. But, after calculating that defendant had already served at least seven years, nine months of the just-pronounced eight-year sentence, the trial court explained "it would have been wrong . . . not to hold this sentencing hearing today because if I keep a defendant in longer than they should be in, I . . . am committing misconduct." But defendant "is not time served," defense counsel insisted. "He is time served," the trial court replied.

Later, defense counsel explained he "needed a week to get this motion together and get prepared for this," maintaining defendant was "months short" of being time served. Counsel asked: So "[w]hy are we doing this today when I haven't had a chance to do this and properly prepare?" "My request is to continue this so I can put the motion that -- he obviously isn't getting out for a week, and, you know, I feel like I am getting shoved into these things." "I believe I am IAC [(ineffective assistance of counsel)] right now."

The trial court replied: "This remittitur was issued many, many months ago, and we've had status conferences on it. We've had plenty of time to deal with this, and I am not going to keep a person in prison one day longer than they should be placed in prison." "And I want to say one thing about [defense counsel]. He is far from being IAC. . . . He properly represented" defendant.

---

performed its duty to pronounce a sentence for each offense. (Evid. Code, § 664; *People v. Sullivan* (2007) 151 Cal.App.4th 524, 549-550 [presumption the trial court regularly performed its lawful duty]; *People v. Alford* (2010) 180 Cal.App.4th 1463, 1469 [sentence must be imposed on each count].) We interpret the trial court's statement to mean it was not imposing "additional time" beyond the custodial term the trial court originally imposed — 364 days, consecutive, credit time served. (*Hola, supra*, 77 Cal.App.5th at p. 369.) Accordingly, we will direct the clerk of the trial court to prepare a corrected minute order so reflecting.

DISCUSSION

I

*The Upper Term on Count Three*

Defendant contends the trial court abused its discretion by imposing the upper term on count three in light of recent legislation "creat[ing] a presumption for the lower term . . . when the defendant is under the age of 26." The error was two-fold, according to defendant. First, the trial court erred by failing to "directly address the statutory presumption in favor of the lower term" when it pronounced sentence. Second, "the single factor of prior conviction/on probation was not sufficiently overwhelming to turn a presumptive low-term sentence into an aggravated upper term." We are not persuaded.

A.  *Legislative Background*

Pursuant to Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731), effective January 1, 2022, "section 1170, subdivision (b) has been amended to make the middle term the presumptive sentence for a term of imprisonment," absent circumstances not at issue here. (*People v. Lopez* (2022) 78 Cal.App.5th 459, 464.) Senate Bill No. 567 also added section 1170, subdivision (b)(6)(B), which provides that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:  [¶] . . . [¶]  The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense." "A 'youth' . . . includes any person under 26 years of age on the date the offense was committed." (§ 1016.7, subd. (b).)

B.   *Analysis*

1.   *Failure to "Directly Address" Section 1170, Subdivision (b)(6)(B)*

Defendant argues the trial court erred in failing to "directly address" at sentencing the statutory presumption in favor of the lower term. We disagree.

"[I]n light of the presumption on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing, we cannot presume error where the record does not establish on its face that the trial court misunderstood the scope of that discretion." (*People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527.) Nothing in the record indicates the trial court was unaware of section 1170, subdivision (b)(6)(B) when it resentenced defendant in July 2022, six months after the statute became effective, or was not paying attention when defense counsel referenced the statute in oral argument before the trial court pronounced sentence. Accordingly, we presume the trial court properly exercised its duties and applied the applicable law. (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114 [absent an affirmative showing to the contrary, we presume the trial court was aware of and followed the applicable law].) We find no error in connection with the absence of an explicit reference to the statute when pronouncing the sentence.

2.   *Imposition of the Upper Term*

Defendant also argues the trial court abused its discretion in selecting the upper term because he was 19 years old when he committed the crimes at issue, and "[t]he single factor of prior conviction/on probation was not sufficiently overwhelming to turn a presumptive low-term sentence into an aggravated upper term." The trial court did not abuse its discretion.

We review a trial court's sentencing decisions for an abuse of discretion, determining whether the trial court exercised its discretion "in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.' " (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) It is an abuse of discretion

6

if the trial court "relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision." (*Ibid.*)

Aggravating circumstances are facts that make the offense distinctively worse than the ordinary, including those relating to the crime and relating to the defendant. (Cal. Rules of Court, rule 4.421; *People v. Black* (2007) 41 Cal.4th 799, 817.) The trial court may consider "[a]ny" factor that "reasonably relate[s] to the defendant or the circumstances under which the crime was committed," including the fact that a defendant has suffered a prior conviction. (Cal. Rules of Court, rule 4.421(c); Advisory Com. com., Cal. Rules of Court, rule 4.421(c).)

Here, the trial court — after "look[ing] at any mitigating factor" and "re-look[ing] at the probation report," which identified defendant's youth as a mitigating factor, concluded the "aggravating factors far outweigh[ed] the mitigating factors," when it selected the upper term of five years for count three. The aggravating factors the trial court identified were that defendant (1) was on probation when he committed the instant crimes (Cal. Rules of Court, rule 4.421(b)(4)) and (2) had a prior conviction. The trial court did not abuse its discretion under section 1170, subdivision (b)(6)(B) in ruling that two aggravating factors it identified outweighed the single mitigating circumstance identified in the probation report. (§ 1170, subd. (b)(6)(B); cf. *People v. Lamb* (1988) 206 Cal.App.3d 397, 401 [" 'Sentencing courts have wide discretion in weighing aggravating and mitigating factors [citations], and may balance them against each other in qualitative as well as quantitative terms' "].)

Insisting his prior conviction "was the source of [his] probation status," defendant contends the single aggravating "factor of prior conviction/on probation" "was not sufficiently overwhelming" to justify the upper term. Section 1170, subdivision (b)(6)(B) does not require aggravating factors "overwhelm" mitigating factors; it requires they "outweigh" them. Further, to the extent defendant's contention is that the trial court double-counted a single sentencing factor, that contention is forfeited on appeal because

7

defendant did not raise it below.  (*People v. Scott* (1994) 9 Cal.4th 331, 353 ["claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices," including "cases in which the court purportedly erred because it double-counted a particular sentencing factor," are forfeited on appeal if not raised in the trial court].)  Accordingly, this claim is unpersuasive.[3]

## II

### *Denial of Defense Counsel's Request to Continue Sentencing*

Defendant contends the trial court abused its discretion by denying defense counsel's request to continue sentencing.  We agree with the People this claim is unpersuasive because, even if the trial court erred, defendant has not demonstrated how he was prejudiced by the asserted error.

Not every error by a trial court requires reversal.  Rather, the California Constitution " 'imposes upon th[e] court[s] an obligation to conduct "an examination of the entire cause" and reverse a judgment below for error only upon determining that a "miscarriage of justice" has occurred.' " (*People v. Hendrix* (2022) 13 Cal.5th 933, 941.) Under the standard set out in *People v. Watson* (1956) 46 Cal.2d 818, an error is harmless unless a defendant carries the burden of showing it is "reasonably probable" the outcome would have been more favorable in the absence of the asserted error.  (*People v. Hendrix, supra*, 13 Cal.5th at p. 942; *People v. Hurtado* (2002) 28 Cal.4th 1179, 1190-1191.)

Defendant has not carried that burden here.  He argues the matter should be remanded to "allow defense counsel to research all aspects of presentence credit and [a]

---

[3]  Defendant references a split in authority regarding harmless error analysis where a trial court imposed an upper term sentence by relying on aggravating circumstances whose underlying facts were not stipulated to by the defendant or found true beyond a reasonable doubt by the fact finder, contrary to section 1170, subdivision (b)(2). Defendant does not present a discrete argument the sentence on review is inconsistent with that provision.

consecutive sentence from another jurisdiction," and that "[j]ustice would be better served . . . by acknowledging . . . that . . . there was no necessity for a credit-for-time-served sentencing." Those assertions do not demonstrate a reasonable probability of a *more favorable* outcome at sentencing had the trial court granted the continuance. Accordingly, this claim is unpersuasive.

## DISPOSITION

The judgment is affirmed. The clerk of the trial court is directed to prepare a corrected minute order reflecting that the trial court imposed a consecutive sentence of 364 days, with credit for time served, for defendant's misdemeanor conviction.


　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　BOULWARE EURIE, J.


We concur:


　　　/s/
RENNER, Acting P. J.


　　　/s/
HORST, J.*


---

\* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.