Filed 5/22/15  P. v. Ward CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073850 |
| v. | (Super. Ct. No. CM036005) |
| MATTHEW SHANNON WARD, | |
| Defendant and Appellant. | |

Defendant Matthew Shannon Ward pled no contest to failing to register as a sex offender and two counts of annoying or molesting a child in exchange for dismissal of two other criminal charges.  He was sentenced to serve three years in state prison.  On appeal, defendant contends the trial court abused its discretion by ignoring mitigating circumstances and relying on improper aggravating circumstances in imposing the upper term.  Defendant alternately contends he received ineffective assistance of counsel.  We affirm the judgment.

1

FACTS

In November 2011, law enforcement officers responded to a report of defendant sexually abusing his 13-year-old stepdaughter. Defendant was divorced from the victim's mother, but continued to live in their home. According to his ex-wife and the victim, defendant isolated the victim from her siblings and her mother, then would fondle her breasts and her buttocks. This abuse had been going on for the past two years. The last incident of abuse occurred a week prior when defendant pulled down the victim's pants and put his penis "between the lips of her vagina," then stated he had gone too far.

The victim told law enforcement officers she was scared and, as a result of the abuse, kept to herself. The victim later told investigators that defendant told her "if she ever told anyone, she would regret it." She was too scared to tell defendant to stop, and she had nightmares about him killing her family.

Further investigation revealed defendant was a convicted sex offender[1] and failed to update his registration in 2011. When law enforcement officers spoke to defendant, he denied abusing his stepdaughter. Defendant also said he had registered in 2011 but could only produce his 2010 registration card.

On March 15, 2012, the People charged defendant with two counts of committing lewd acts upon a child (§ 288, subd. (a)) and one count of failing to comply with the annual sex offender registration requirements (§§ 290.12, subd. (a), 290.18, subd. (b)). On March 29, 2012, defendant waived his right to a preliminary examination.

---

[1]     In 2002, defendant was convicted on two counts of committing lewd and lascivious acts on a child by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury to the child or another person (Pen. Code, § 288, subd. (b)(1); undesignated statutory references are to the Penal Code) and unlawful sexual intercourse with a child three years younger than defendant (§ 261.5, subd. (c)).

In February 2013, the information was amended to include two misdemeanor charges of annoying or molesting a child. (§ 647.6.) Defendant then pled no contest to the newly added misdemeanor charges and the felony charge of failing to annually update his sex offender registration. In exchange for his plea, the remaining sexual abuse charges were dismissed with a *Harvey*[2] waiver.

Prior to sentencing, the probation department issued a report recommending the trial court deny defendant probation and sentence defendant to serve the upper term of three years in state prison. In reaching its recommendation, the probation department relied on the following aggravating factors: (1) defendant knowingly failed to register as a sex offender; (2) he was out of compliance with registration when he sexually abused his stepdaughter; (3) he molested his stepdaughter continuously for more than one year; (4) he threatened his stepdaughter if she disclosed the abuse; (5) he planned the abuse, waiting for his ex-wife to leave the home before sexually abusing his stepdaughter; (6) he violated a position of trust as the child's stepfather and caregiver; and (7) he has a significant history of committing similar offenses.[3] The probation department also noted as a mitigating circumstance that defendant's prior performance on probation was satisfactory.

At sentencing, the People argued the upper term was appropriate because defendant took advantage of a person who was vulnerable and used his relationship with that child to exploit her vulnerabilities. The defendant filed a statement in mitigation arguing for a grant of probation. In so arguing, defendant said he was medically unfit to serve time in state prison, took responsibility early in the process, and noted his prior

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754, 758 (*Harvey*).

[3] In addition to his convictions for sexually abusing children in 2002, defendant was convicted of corporal punishment of a child resulting in a traumatic condition (§ 273, subd. (d)) in 2000 and a misdemeanor registration offense in 2005.

performance on probation was satisfactory. Defendant also objected to the People using the facts of the dismissed charges to aggravate the offense to which he pled no contest.

After considering the probation report, defendant's medical records, defendant's statement in mitigation, the victim's statement, and the argument of counsel, the trial court imposed the upper term of three years. The court explained its decision: "Court has reviewed the circumstances in aggravation set forth in the Rules of Court and the circumstances in mitigation set forth in [the] Rules of Court. After careful consideration, the Court finds that, on balance, the circumstances in aggravation do outweigh the circumstances in mitigation, and the upper term is the appropriate term.

"Specifically, the Court would note the recidivism factors, including the defendant's prior convictions as an adult are significant and similar in nature to the charges here.

"Defendant did receive the benefit of his bargain.

"I would note in mitigation that the defendant's prior performance on probation was satisfactory; but it does appear to the court, based on all the facts and circumstances, that the circumstances in aggravation do outweigh the circumstances in mitigation, and the upper term is appropriate."

Accordingly, the trial court sentenced defendant to serve a base term of three years in state prison. The court also sentenced defendant to additional, concurrent one-year terms on the misdemeanor charges. Defendant appeals his sentence.

DISCUSSION

Defendant contends the trial court improperly imposed the upper term sentence of three years on the registration conviction. Defendant claims the court ignored two mitigating circumstances: (1) his early admission of guilt, and (2) his health problems. Defendant further claims the aggravating circumstances relied upon by the court were "improper."

4

### *Legal Standards*

"A trial court has broad discretion in making sentencing choices. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) Nevertheless, a trial court is required to state its reasons for any sentencing choice (e.g., imposition of an upper term) on the record at the time of sentencing. (§ 1170, subd. (c); *People v. Garcia* (1995) 32 Cal.App.4th 1756, 1769.) One aggravating factor is sufficient to support the imposition of an upper term. (*People v. Davis* (1995) 10 Cal.4th 463, 552; *People v. Castellano* (1983) 140 Cal.App.3d 608, 614-615.)" (*People v. Ortiz* (2012) 208 Cal.App.4th 1354, 1371.)

"[A] trial court will abuse its discretion . . . if it relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision. [Citation.]" (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) Defendants bear a heavy burden when attempting to show an abuse of discretion. (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.) " 'In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' [Citation.]" (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.)

### *Harvey Waiver*

Defendant contends the trial court erred in imposing the upper term because, in imposing the upper term, the court relied on facts related to the dismissed charges, not the crime for which he was convicted. When defendant pled no contest to failing to update his registration as a sex offender, he also agreed the sexual abuse charges would be dismissed with a *Harvey* waiver. Accordingly, the court was free to consider defendant's entire criminal history, including the dismissed charges, when sentencing defendant. (*People v. Goulart* (1990) 224 Cal.App.3d 71, 80.)

Defendant argues in his reply brief that the *Harvey* waiver did not apply because neither the prosecution nor the court mentioned the waiver at sentencing. He also argues

the waiver should not have applied because, at sentencing, he continued to insist he was innocent of the dismissed charges and agreed to the plea only because a jury "would have learned about his prior sex offense conviction." These arguments are forfeited because defendant failed to cite any authority to support them. (Cal. Rules of Court, rule 8.204(a)(1)(C)[4]; *People v. Hardy* (1992) 2 Cal.4th 86, 150 [a reviewing court need not address any issue purportedly raised without argument or citation to relevant authority]; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655-656 [appellant is required to present legal authority in support of each issue raised, along with citations to the record, otherwise the issue is forfeited].)

### *The Trial Court's Exercise of Discretion*

Defendant argues the trial court abused its discretion in imposing the upper term because the court failed to consider his medical condition and his early admission of guilt as mitigating circumstances. He also argues it was error to rely on his prior convictions for a sexual offense to aggravate the term because (1) a prior conviction for a qualifying sexual offense is an element of the crime for which he was being sentenced, and (2) the court "made up its own" aggravating factor, finding defendant's prior convictions as an adult were " 'significant and similar in nature to the charges here.' " We are not persuaded.

Selection of the upper term is justified only when aggravating circumstances outweigh mitigating circumstances, but a trial court has broad discretion to weigh the factors. (*People v. Lamb* (1988) 206 Cal.App.3d 397, 401.) We must affirm unless there is "a clear showing the sentence choice was arbitrary or irrational." (*Ibid*.)

Here, the record on appeal establishes the trial court carefully considered all the aggravating and mitigating circumstances set forth in the Rules of Court. The record

---

**4**     Undesignated references to rules are to the California Rules of Court.

further establishes the trial court considered all the aggravating and mitigating circumstances applicable to defendant. The applicable aggravating circumstances include: defendant's recidivism (rule, 4.421(b)(3)), the victim's particular vulnerability (rule 4.421(a)(3)), defendant took advantage of a position of trust in molesting his step-daughter (rule 4.421(a)(11), and the ongoing abuse of his victim showed planning (rule 4.421(a)(8)). Any one of these factors would have been sufficient to support the upper term. (*People v. Osband* (1996) 13 Cal.4th 622, 678.)

The applicable mitigating circumstances include defendant's poor health (rule 4.420(b))[5], his early admission of guilt (rule 4.423(b)(3)), and his prior performance on probation (rule 4.423(b)(6)).

The trial court "note[d]" defendant's recidivism (rule 4.421(b)(2), (3)) and defendant's satisfactory performance on probation (rule 4.423(b)(6)), but the court did not say it was relying on those two circumstances alone in finding the aggravating circumstances outweighed those in mitigation. Indeed, we presume the trial court considered all the relevant circumstances "even though it did not expressly restate, recite, or otherwise refer to each one." (*People v. Weaver* (2007) 149 Cal.App.4th 1301, 1318.) Because, "unless the record affirmatively shows otherwise, a trial court is deemed to have considered all relevant criteria in . . . making any . . . discretionary sentencing choice."[6] (*Ibid.*, citing rule 4.409.)

---

**5** "In exercising his or her discretion in selecting one of the three authorized prison terms referred to in section 1170(b), the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision. The relevant circumstances may be obtained from the case record, the probation officer's report, other reports and statements properly received, statements in aggravation or mitigation, and any evidence introduced at the sentencing hearing." (Rule 4.420(b).)

**6** Because we reach the merits of defendant's appeal, we need not address his claim that trial counsel was deficient for failing to preserve the issue for appeal.

In sum, the trial court's decision was "not arbitrary and capricious," was "consistent with the letter and spirit of the law," and was "based upon an 'individualized consideration of the offense, the offender, and the public interest.' " (*People v. Sandoval, supra,* 41 Cal.4th at p. 847.)  We conclude the trial court did not abuse its discretion.

DISPOSITION

The judgment is affirmed.

       HOCH     , J.

We concur:

       BUTZ     , Acting P. J.

       DUARTE  , J.