Filed 8/30/21  P. v. Harlan CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>    v.<br><br>ROBIN ELMORE HARLAN, JR.,<br><br>       Defendant and Appellant. | C090283<br><br>(Super. Ct. No. 19CF04029) |

In an open plea, defendant Robin Elmore Harlan, Jr., pleaded no contest to grand theft of property (Pen. Code, § 487, subd. (a).)[1]  The trial court sentenced defendant to the upper term of three years in state prison and imposed various fines and fees.  On appeal, defendant argues the trial court abused its discretion by (1) imposing the upper

---

[1] Undesignated statutory references are to the Penal Code.

1

term for grand theft, and (2) imposing fines and fees that defendant was unable to pay. We find defendant's claims lack merit and therefore affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a prior conviction, defendant was released on postrelease community supervision (PRCS) with instructions to wear a global positioning system (GPS) ankle monitor. Several days after defendant received the ankle monitor, the probation department was alerted that its battery had died. They looked but were unable to locate defendant. Two weeks thereafter, the police arrested defendant after he harassed people at a restaurant. Defendant was not wearing his ankle monitor at the time of arrest. He told probation officers he had cut off his ankle monitor and left it under a bridge, but the probation officers were unable to find it.

Defendant pleaded no contest to grand theft and admitted a prior strike. He further agreed the court would have discretion to impose a sentence with a maximum three-year term. Defendant asked the court to impose the lower or middle term and "reduce the restitution fines, and find no ability [to pay] where possible." Defendant explained that he takes very strong psychiatric medications and was not thinking properly at the time of the offense. The court found that although defendant resolved the case at an early stage, defendant also had numerous prior convictions, had served prior prison terms, was on PRCS at the time of the violation, and his prior performance on probation, parole, and PRCS were unsatisfactory. The court found these aggravating factors outweighed those in mitigation and imposed the upper term.

The court then imposed a minimum restitution fine of $300 (§ 1202.4, subd. (b)), imposed and stayed an identical parole revocation fine (§ 1202.45), and imposed a $30 conviction assessment (Gov. Code, § 70373), a $39 theft fine (§ 1202.5), a $40 court operations assessment (§ 1465.8), and victim restitution of $1,090.

## DISCUSSION

### I.     *Imposition of the Upper Term*

Defendant argues the trial court abused its discretion by imposing the upper-term sentence.  He argues defendant's criminal record was mostly minor offenses and thus insignificant compared to substantial mitigating factors, namely, defendant's mental disorders and their connection to his relatively minor crime.  And while defendant acknowledges his consistently poor performances on probation, parole, and PRCS, he argues this should be given little weight, as he did not seek probation or a split sentence here.  Under these circumstances, defendant contends the court unreasonably discounted the mitigating factors and gave too much weight to aggravating factors.  We cannot agree.

Pursuant to section 1170, subdivision (b), "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court."  Selection of the upper term is justified only when aggravating circumstances outweigh mitigating circumstances. (*People v. Lamb* (1988) 206 Cal.App.3d 397, 401.)  We review a trial court's election of the lower, middle, or upper term for an abuse of discretion.  (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)  "[A] trial court will abuse its discretion . . . if it relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision."  (*Ibid.*)  The trial court may base its decision on any aggravating circumstance it deems significant that is " 'reasonably related to the decision being made.' "  (*Id.* at p. 848; see also Cal. Rules of Court, rule 4.408(a).)

Moreover, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be

3

set aside on review.' [Citation.]" (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978.)

Only a single aggravating factor is required to impose the upper term. (*People v. Osband* (1996) 13 Cal.4th 622, 728-729.) Here, the trial court's decision relied upon multiple circumstances in aggravation, including defendant's prior convictions and prison terms, his PRCS status, and his poor performances on probation, parole, and PRCS. (Cal. Rules of Court, rule 4.421(b)(2)-(5).) The court balanced those aggravating factors against the sole mitigating factor of early case resolution, and concluded that "on balance . . . the circumstances in aggravation outweigh the circumstances in mitigation." In doing so, the court noted that defendant was given the "tremendous advantage" of carrying out his prior sentence on PRCS, yet he squandered the opportunity. Defendant contends that his criminal history was primarily misdemeanors and his longest prior prison term was only four years, and thus the court gave these aggravating factors too much weight. However, it matters not whether defendant's criminal history was comprised of violent or serious offenses. Rather, they need only be "numerous" or "of increasing seriousness." (Cal. Rules of Court, rule 4.421(b)(2).) Here, at age 51, defendant had four prior felony convictions and 27 misdemeanor convictions. Though the convictions may have been primarily for relatively minor offenses, they are "numerous." Thus, the trial court could conclude that these aggravating circumstances mean that the upper term "best serves the interests of justice" (§ 1170, subd. (b)), particularly when considered with defendant's numerous parole and probation violations, and his two violations of his PRCS sentence.

Similarly, the court did not abuse its discretion by failing to give substantial weight to defendant's mental health as a circumstance in mitigation. Here, the court was apprised of defendant's history of bipolar disorder, major depressive disorder, anxiety disorder, and antisocial personality disorder. The court further knew defendant had ceased his strong psychiatric medication and later described himself as "off [his] rocker" at the time of his arrest. Though the court did not mention defendant's mental health as a

4

mitigating factor, the court also did not conclude that defendant was suffering from a mental condition that significantly reduced his culpability for the crime, which is required to qualify as a mitigating circumstance. (Cal. Rules of Court, rule 4.423(b)(2).) Even if the court had concluded that defendant's mental health was a mitigating factor, it was entitled to minimize any of the mitigating factors without explanation. (*People v. Salazar* (1983) 144 Cal.App.3d 799, 813.)

Finally, though defendant argues this is "not the crime of the century," that is of no moment here, where multiple aggravating factors support the imposition of the upper term. Based on the foregoing, we conclude the court's reasoning constituted a proper qualitative and quantitative analysis that the gravity and number of the aggravating factors offset the mitigating factors.

## II.     *Ability to Pay Hearing*

Defendant contends there is not substantial evidence to support the trial court's implicit finding he had the ability to pay the fines and fees. Alternatively, he contends we must remand for an ability to pay hearing.

The People respond the restitution fine (§ 1202.4, subd. (b)) does not violate due process or the Eighth Amendment, but concede an ability to pay hearing was required for the nonpunitive court facilities (Gov. Code, § 70373) and court operations assessments (§ 1465.8). We reject defendant's arguments and the People's concession.

Both of defendant's arguments rely on the decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). The *Dueñas* court held, "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under . . . section 1465.8 and Government Code section 70373." (*Id.* at p. 1164.) The *Dueñas* court also held "that although . . . section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed

5

unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Id.* at p. 1164.) Defendant seeks relief from the fines and assessments or a remand for a hearing regarding his present ability to pay.

The *Dueñas* decision has not been universally accepted. Our Supreme Court is now poised to resolve the conflicting viewpoints, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp, supra,* at pp. 95-96.)

In the meantime, we join those authorities that have concluded the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.) Defendant cites no authority nor are we aware of any authority other than *Dueñas* that compels a court to find a present ability to pay before imposing the fines and assessments imposed in this case. Thus, the court's implicit finding of ability to pay was unnecessary and the question of whether such a finding was supported by the evidence is irrelevant.

## DISPOSITION

The judgment is affirmed.

      /s/                  
RAYE, P. J.

I concur:

     /s/              
BLEASE, J.

ROBIE, J., Concurring.

I concur fully in part I of the Discussion but concur only in the result as to part II addressing defendant Robin Elmore Harlan, Jr.'s argument that the trial court abused its discretion in finding he had the ability to pay the $300 restitution fine, the $300 stayed parole revocation restitution fine, the $30 conviction assessment, the $39 theft fine, and the $40 court operations assessment. (Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157.) I disagree with the majority's conclusion that *Dueñas* was wrongly decided. I believe *Dueñas* is good law, but defendant failed to carry his burden of demonstrating error on appeal.

A defendant has the burden of proving his or her inability to pay at the hearing imposing the fines, fees, and assessments in the trial court. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490.) The probation department recommended the trial court impose a $900 restitution fine, a $900 stayed parole revocation restitution fine, a $40 court operations assessment, a $30 conviction assessment, $1,090 in victim restitution, a $39 theft fine, and $1,077 for the presentence investigation report costs. During the sentencing hearing, the trial court said it had "read, considered, and signed the original probation report which was filed August 8th" and intended to impose the recommended upper term of three years. Defense counsel argued the middle term was more appropriate, noted he could not argue with the "request for substantial restitution based on the values that were provided in discovery," and asked the court "to impose the middle term, reduce the restitution fines, and find no ability where possible." The trial court discussed its reasons for imposing the upper term and then imposed the fines and assessments challenged on appeal (reducing the proposed $900 restitution fines to $300 each) and an unchallenged $1,090 victim restitution fine. The trial court waived the presentence investigation report costs.

1

Defendant asserts on appeal the trial court abused its discretion by imposing the fines and assessments because the probation report stated: he was homeless and lived under a bridge; he was 51 years old; he did not have a driver's license; he did not have a vehicle, cash, or other personal property of value; he had experienced symptoms of bipolar disorder since childhood and was diagnosed with major depressive disorder, anxiety disorder, and antisocial personality disorder; he had been unemployed since 2006 due to his mental health; he was receiving $300 in public assistance and $200 in food stamps prior to his sentence; and he owed an unknown amount of fines. He further asserts "the court could not presume that [he] was capable of earning prison wages, since he had been unemployed since 2006 due to his mental condition."

As to the last argument, defendant did not argue in the trial court that he was disqualified from prison jobs, was not capable of working in prison, or that his mental health condition would inhibit his ability to obtain prison employment. Defendant had the opportunity during the sentencing hearing to argue and demonstrate his ineligibility for prison work and did not raise or prove it. He has thus forfeited the issue on appeal. (*In re Sheena K.* (2007) 40 Cal.4th 875, 881 ["the forfeiture rule applies in the context of sentencing as in other areas of criminal law"]; *People v. Scott* (1994) 9 Cal.4th 331, 353.)

As to the information contained in the probation report, this court previously explained, " '[a]bility to pay does not necessarily require existing employment or cash on hand.' " (*People v. Frye* (1994) 21 Cal.App.4th 1483, 1487.) The trial court may consider a defendant's future earning power, including a defendant's ability to obtain prison wages and to earn money after release from custody. (*Ibid.*) It is necessary only that the record contain evidence supporting an implied determination of ability to pay. (*People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1836-1837.) The probation report notes defendant "received General Assistance prior to his current incarceration" and had "applied for Social Security benefits due to his mental health, but his claim ha[d] not yet been granted." (Bolding and underlining omitted.) Defendant was 51 years old at

2

sentencing and was sentenced to three years in prison. He "has a high school diploma and/or GED" and previously worked as a mechanic and laborer. Prior to his conviction, defendant had received services through and been prescribed medication by Butte County Behavioral Health. Defendant took the prescribed medication for some time but stopped taking the medication prior to the offense at issue in this case. Defendant stated "he [wa]s willing to pay victim restitution" and the probation report shows he has no debts except that he owes an unknown amount of fines. Based on the foregoing information in the probation report, defendant's request that the trial court "reduce" not eliminate the restitution fines, the absence of any specific argument presented to the trial court regarding defendant's inability to pay, and the absence of any argument defendant is unable or ineligible to earn wages in prison, defendant cannot show the trial court abused its discretion in impliedly finding defendant had the ability to pay the assessments and fines imposed.

As to defendant's alternative argument, no additional ability to pay hearing is warranted because defendant's sentencing hearing was held after *Dueñas* was decided and defendant was given an opportunity to present his arguments at the sentencing hearing. Defendant did not carry his burden proving his inability to pay; he is not entitled to a second bite at the apple. I thus concur in the result as to defendant's fines and assessments argument.

                             /s/
                             Robie, J.

3